THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, L.L.C, As Master Servicer and on behalf of LaSalle SAIL 2003-BC6<br><br>Plaintiff,<br><br>v.<br><br>ANGELA CROMWELL<br><br>Defendant. | Case No. 08-cv-1327<br><br>**Judge Guzman**<br>**Magistrate Judge Denlow**<br><br>TRIAL BY JURY DEMANDED |

**ANSWER TO AMENDED COMPLAINT**

Defendant, ANGELA CROMWELL, by her undersigned attorney, Curt J. Schlom, and for her Answer and Affirmative Defenses to Plaintiff, Aurora Loan Services, L.L.C., as Master Servicer and on behalf of LaSalle SAIL 2003-BC6's, ("Plaintiff") Amended Complaint, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a Delaware limited liability company with a business address of 10350 Park Meadows Drive, Littleton, Colorado 80124.

   **ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 1 of Amended Complaint for lack of sufficient information to form a belief thereon.

2. Plaintiff is a wholly owned subsidiary of Lehman Brothers Bank, FSB ("LBB").

   **ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 2 of Amended Complaint for lack of sufficient information to form a belief thereon.

3. LBB is Plaintiff's sole member.

494091.1

        **ANSWER**:    Defendant neither admits nor denies the allegations in Paragraph 3 of Amended Complaint for lack of sufficient information to form a belief thereon.

4.      LBB is a federal savings bank operating under Federal Stock Charter 6947, which designates Wilmington, Delaware as LBB's home office, and makes LBB a Delaware citizen.

        **ANSWER**:    Defendant neither admits nor denies the allegations in Paragraph 4 of Amended Complaint for lack of sufficient information to form a belief thereon.

5.      LBB is a wholly owned subsidiary of Lehman Brothers Holdings, Inc. ("LBHI").

        **ANSWER**:    Defendant neither admits nor denies the allegations in Paragraph 5 of Amended Complaint for lack of sufficient information to form a belief thereon.

6.      LBHI IS A Delaware corporation with a business address of 745 7th Avenue, New York, N.Y. 10019.

        **ANSWER**:    Defendant neither admits nor denies the allegations in Paragraph 6 of Amended Complaint for lack of sufficient information to form a belief thereon.

7.      Upon information and belief, defendant Angela Cromwell, an individual, is a citizen of Illinois, with a last known business address of 3410 W. Irving Park Road, Lansing, Illinois 60618.

  **ANSWER**: Defendant admits only to being an individual and citizen of Illinois. Defendant denies all remaining allegations contained in Paragraph 7.

8. This Court has personal jurisdiction over the parties hereto.

  **ANSWER**: The allegations of Paragraph 8 of Plaintiff's Amended Complaint call for a legal conclusion and therefore are denied.

9. This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1332 because the parties have diversity of citizenship and the matter in controversy exceeds $75,000.

  **ANSWER**: The allegations of Paragraph 9 call for a legal conclusion and therefore are denied.

10. Venue is proper herein pursuant to 28 U.S.C. § 1391.

  **ANSWER**: The allegations of Paragraph 10 call for a legal conclusion and therefore are denied.

## GENERAL ALLEGATIONS

11. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

  **ANSWER**: Defendant restates, re-alleges and fully incorporates herein its answers to Paragraphs 1-10 of Plaintiff's Amended Complaint as if same were more fully set forth herein.

12. Robin K. Palumbo ("Palumbo") was the purported owner of that certain real property commonly known by street and number as 4545 S. St. Lawrence Unit 101, Chicago, Illinois 60637 ("Property").

> **ANSWER**: Defendant neither admits nor denies the remaining allegations in Paragraph 12 of Amended Complaint for lack of sufficient information to form a belief thereon.

13. Defendant was engaged to provide an independent and professional appraisal of the Property in connection with, and as an essential part of, the origination of Palumbo's mortgage loan ("Mortgage Loan"), which was secured by the Property.

> **ANSWER**: Defendant admits she is engaged in the business of providing real estate appraisals. Defendant neither admits nor denies the remaining allegations in Paragraph 13 of Amended Complaint for lack of sufficient information to form a belief thereon.

14. Defendant appraised the Property at $220,000.00 ("Appraisal" in connection with the Mortgage Loan.

> **ANSWER**: Defendant admits that she appraised the Property for $220,000. Defendant neither admits nor denies the remaining allegations in Paragraph 14 of Amended Complaint for lack of sufficient information to form a belief thereon.

15. At all times relevant to the Appraisal, Defendant was a licensed appraiser in the State of Illinois with a license number of 154-007207.

> **ANSWER**: Defendant admits to the allegations contained in Paragraph 15 of the Amended Complaint.

16. The Mortgage Loan was sold, assigned, or otherwise transferred on the secondary mortgage market, and was ultimately securitized into that certain New York common law trust identified as LaSalle SAIL 2003-BC6.

> **ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 16 of Amended Complaint for lack of sufficient information to form a belief thereon.

17. Plaintiff as Master Servicer of the Trust with respect to the Mortgage Loan and, accordingly, is authorized and directed to enforce obligations and/or duties owed by loan sellers, brokers, appraisers, and borrowers relating thereto, including but not limited to the obligations and/or duties owed by the defendant named herein.

> **ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 17 of Amended Complaint for lack of sufficient information to form a belief thereon.

18. The Mortgage Loan subsequently went into default, resulting in a foreclosure of the Property and a substantial loss.

> **ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 18 of Amended Complaint for lack of sufficient information to form a belief thereon.

19. The loss suffered is a direct result of the substantial overvaluation of the Property by Defendant.

> **ANSWER**: Defendant denies the allegations contained in Paragraph 19 of Amended Complaint.

20. All conditions precedent to this action on the part of Plaintiff, if any, have been satisfied, waived, or are futile.

    **ANSWER**: Defendant neither admits nor denies the allegations in Paragraph 20 of Amended Complaint for lack of sufficient information to form a belief thereon.

### FIRST CLAIM FOR RELIEF
### (Negligence)

21. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

    **ANSWER**: Defendant restates, re-alleges and fully incorporates herein its answers to Paragraphs 1-20 of Plaintiff's Amended Complaint as if same were more fully set forth herein.

22. Defendant is in the business of issuing real estate appraisals.

    **ANSWER**: Defendant admits that she is engaged in the business of performing real estate appraisals, but denies the remaining allegations contained in paragraph 22.

23. Defendant is required to adhere to applicable standards of practice in the performance of their professional activities, including but not limited to the Uniform Standard of Professional Appraisal Practice ("USPAP"), and all standards applicable to the appraisal of residential buildings and all rules, regulations, and codes of ethics and conduct applicable to licensed appraisers in the State of Illinois.

    **ANSWER**: The allegations of Paragraph 23 call for a legal conclusion and therefore are denied.

24. As a licensed appraiser in the State of Illinois, Defendant must comply with the Real Estate Appraiser Licensing Act of 2002, 225 ILCS 458, *et seq*.

> **ANSWER**: The allegations of Paragraph 24 call for a legal conclusion and therefore are denied.

25. Defendant was engaged for the benefit of the lender and its assigns, including Plaintiff, to provide an independent and professional appraisal of the Property as an essential component of the Mortgage Loan.

> **ANSWER**: Defendant admits that she was engaged to provide an appraisal of the property. Defendant neither admits nor denies the remaining allegations in Paragraph 25 of Amended Complaint for lack of sufficient information to form a belief thereon.

26. In performing the Appraisal, and as part of the relationship formed when Defendant was engaged, Defendant undertook and owed a duty to the lender and its assigns, including Plaintiff, to exercise due care and diligence of a reasonably prudent appraiser rendering the requested appraisal services under the circumstances.

> **ANSWER**: Defendant admits to only those duties imposed upon her by law, and further avers that she has satisfied all such duties. Defendant denies that the allegations contained in Paragraph 26 of Amended Complaint at law accurately and fully state any duty owed by her and therefore deny the remaining allegations of Paragraph 26.

27. Specifically, without limitation, Defendant has breached one or more duties set forth by 225 ILCS 458, *et seq.*, failed to follow all applicable standards of practice, rules, regulations, codes of ethics, and/or conduct incumbent upon licensed appraisers in the State of Illinois, and/or otherwise breached one or more of the applicable duties of care owed to the lender and its assigns, including Plaintiff.

**ANSWER**: Defendant denies the allegations contained in Paragraph 27 of Amended Complaint.

28. Defendant's breach of one or more of the applicable duties of care, has caused damages to the lender and its assigns, including Plaintiff, in an amount to be proven at trial.

**ANSWER**: Defendant denies the allegations contained in Paragraph 28 of Amended Complaint.

WHEREFORE, ANGELA CROMWELL requests that this Court enter judgment in her favor, and against Plaintiff, and that this Court award to ANGELA CROMWELL such other and further relief as this Court deems just and equitable.

WHEREFORE, Defendant demands Trial by Jury.

**SECOND CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

29. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

**ANSWER**: Defendant restates, re-alleges and fully incorporates herein its answers to Paragraphs 1-28 of Plaintiff's Amended Complaint as if same were more fully set forth herein.

30. The Appraisal contained one or more false, inaccurate, or otherwise misleading information regarding the Property, including but not limited to the representation that the Property was worth $220,000.00 when, in fact, it was worth substantially less.

**ANSWER**: Defendant denies the allegations contained in Paragraph 30 of Amended Complaint.

31. Defendant supplied such information in the course of his business as professional appraisers in the State of Illinois.

> **ANSWER**: Defendant admits only to preparing the Appraisal in the course of her business as a professional appraiser in the State of Illinois. Defendant neither admits nor denies the remaining allegations in Paragraph 31 of Amended Complaint for lack of sufficient information to form a belief thereon.

32. Defendant supplied such information in the course of transactions in which he had a financial interest, including the Appraisal.

> **ANSWER**: Defendant admits only to preparing the Appraisal. Answering further, the Defendant denies the remaining allegations contained in Paragraph 32.

33. Defendant supplied such information for use in a business transaction, namely the Mortgage Loan.

> **ANSWER**: Defendant admits to preparing the Appraisal. Defendant neither admits nor denies the remaining allegations in Paragraph 33 of Amended Complaint for lack of sufficient information to form a belief thereon.

34. Defendant was negligent in obtaining, compiling, or creating the subject information, or in communicating such information.

> **ANSWER**: Defendant denies the allegations contained in Paragraph 34 of Amended Complaint.

494091.1

35. Defendant supplied the information with the intent, or otherwise with knowledge, that the lender and its assigns, including Plaintiff, would act in reliance on the information to determine whether or not to approve a mortgage loan in connection with the subject property.

> **ANSWER**: Defendant denies the allegations contained in Paragraph 35 of Amended Complaint.

36. Defendant was negligent in obtaining the subject information, or in communication such information, and Defendant did not exercise reasonable care or competence in obtaining or communication such information.

> **ANSWER**: Defendant denies the allegations contained in Paragraph 36 of Amended Complaint.

37. Defendant supplied such information for the guidance of the lender and its assigns, including Plaintiff.

> **ANSWER**: Defendant neither admits nor denies the remaining allegations in Paragraph 37 of Amended Complaint for lack of sufficient information to form a belief thereon.

38. The lender and its assigns, including Plaintiff, justifiably relied on such false, inaccurate, or otherwise misleading information supplied by Defendant.

> **ANSWER**: Defendant denies the allegations contained in Paragraph 38 of Amended Complaint.

39. Plaintiff's reliance on the false, inaccurate, or otherwise misleading information supplied by Defendant caused Plaintiff to incur substantial damages, in an amount to be proven at trial.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 39 of Amended Complaint.

WHEREFORE, ANGELA CROMWELL requests that this Court enter judgment in her favor, and against Plaintiff, and that this Court award to ANGELA CROMWELL such other and further relief as this Court deems just and equitable.

WHEREFORE, Defendant demands trial by Jury.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, ANGELA CROMWELL, by her attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and for her Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

### AFFIRMATIVE DEFENSE NO. 1:

Plaintiff's claims are limited or barred because it failed to mitigate its damages.

### AFFIRMATIVE DEFENSE NO. 2:

Plaintiff's claims are barred by the equitable doctrine of unclean hands .

### AFFIRMATIVE DEFENSE NO. 3:

Plaintiff's claims are barred because there was no justifiable reliance on the Appraisal Report.

### AFFIRMATIVE DEFENSE NO. 4:

Plaintiff's claims are time barred, as both claims were not filed timely in accordance with the applicable statute of limitations.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiff's has failed to state causes of action upon which relief may be granted.

### **AFFIRMATIVE DEFENSE NO. 6**

Plaintiff's claims are barred by the doctrine of laches.

### **AFFIRMATIVE DEFENSE NO. 7**

Plaintiff's damages, if any, are reduced by Plaintiff's contributory negligence, and to the extent that Plaintiff's contributory negligence is greater than 50%, Plaintiff's claims are barred.

### **AFFIRMATIVE DEFENSE NO. 8**

Plaintiff has no standing to pursue these causes of action and thus its claims are barred.

Respectfully submitted:

**ANGELA CROMWELL**

By: /s/ Curt J. Schlom
Curt J. Schlom
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
120 North LaSalle Street – 26th Floor
Chicago, IL 60602
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
Email: curt.schlom@wilsonelser.com

494091.1

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 16th day of June 2008, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on the following by CM/ECF Electronic Notification:

Danielle J. Szukala
([dszukla@burkelaw.com](mailto:dszukla@burkelaw.com))

Susan J. Miller
([smiller@burkelaw.com](mailto:smiller@burkelaw.com))

          */s/ Curt J. Schlom*
          Curt J. Schlom

494091.1