## United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1327 | **DATE** | 7/25/2008 |
| **CASE TITLE** | Aurora Loan Services, LLC vs. Angela Cromwell | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court denies without prejudice plaintiff's motion for agreed protective order [doc. no. 21].

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Litigation, even of cases involving trade secrets and other confidential information, is generally open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Thus, courts should secrete generally public information only if "(1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under [Federal Rule of Civil Procedure 26(c)(1)], and . . . (2) there is good cause for the protective order." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998).

The parties seek to protect from disclosure "[a]ll underlying documents and files originating from or relating to the individual loans at issue in this case" and any other document that "a party determines . . . contains confidential business information or trade secrets." (Proposed Order ¶¶ 3-4.) Bona fide trade secrets are entitled to protection, but the parties have not identified what information constitutes "confidential business information," let alone explained why that information and *all* documents related to the loans at issue in this case are entitled to protection. Because plaintiff has not demonstrated good cause for protecting this information from disclosure, its motion for agreed protective order is denied.

The proposed order has other problems as well. First, it does not state that entire pleadings cannot be filed under seal. If confidential material is submitted as an exhibit to or incorporated in a pleading or brief filed with the Court, a copy of the pleading or brief with the confidential material redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal. *See Union Oil*, 220 F.3d at 568. Second, the proposed order is not limited to pretrial discovery. To the extent the order is intended to protect confidential documents even after they are introduced at trial, it is invalid. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). Third, the proposed order does not state that interested members of the public have the right to challenge the designation of a document as confidential, though they do. *See id.* Finally, the order must be amended to state that confidential material filed with the Court will be in handled in accordance with Local Rule 26.2(g) after the litigation is concluded.

Because the proposed order is deficient, the Court denies without prejudice plaintiff's motion to enter it.